IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRETT A. COLE,

                    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

OPINION & ORDER

14-cv-770-jdp

Plaintiff Brett Cole seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, refusing to waive an overpayment of benefits in the amount of $48,834.00. Cole contends that remand is necessary because there is insufficient evidence from which the Social Security Administration (SSA) could determine the amount of overpayment, or even whether Cole was, in fact, overpaid. The Commissioner has moved to dismiss Cole's complaint under Federal Rule of Civil Procedure 12(b)(1). Cole has not obtained a final decision from the Commissioner on the issues that he seeks to litigate, which is a prerequisite for judicial review under 42 U.S.C. § 405(g). The court will therefore grant the Commissioner's motion in part. But rather than dismiss this case outright, Cole may have an opportunity to brief the issues for which he has obtained a final decision.

BACKGROUND

The Commissioner raises a factual challenge to subject matter jurisdiction, for which the "court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (internal

citations and quotation marks omitted). The court therefore draws the following facts from the administrative record, Dkt. 8 (filed conventionally), and from the materials that the Commissioner submitted to support her motion, Dkt. 13.

This case involves the SSA's "trial work period," which the parties generally describe in their briefs. The regulations allow a claimant who is receiving benefits to try returning to work without fear of the SSA determining that he is no longer disabled (and thus, no longer entitled to benefits). This trial work period ends once the claimant completes nine qualifying months. These months do not have to be consecutive, but a given month counts toward the allotted nine only if the claimant earns above a certain threshold amount—$580 in 2004, and $590 in 2005. During the trial work period, the claimant continues to receive benefits, even in months where he earns above the threshold amount. But after the period ends, the claimant enters a three-year "reentitlement period," also called an "extended period of entitlement." During the reentitlement period, the SSA will pay benefits *only* during months in which a claimant does not engage in substantially gainful activity.

Cole filed an application for disability insurance benefits in June 2001, alleging a disability beginning in 2000. The SSA approved Cole's application and began paying him benefits. These payments continued through October 2010, when the SSA realized that Cole was no longer entitled to benefits. At that point, the SSA also determined that it had paid Cole about $50,000 in benefits to which he was not entitled, and the administration demanded the return of its overpayments.

While receiving benefits, Cole gradually returned to work in 2004. By May 2005, he had used all nine of his allotted months for a trial work period. Per the regulations, the first month of Cole's reentitlement period was June 2005. About that time, Cole returned to

2

school to obtain his teaching certificate, and so Cole did not engage in substantially gainful activity for most of the next two years. Cole earned his certificate in September 2007, and he began working as a teacher. Through May 2008—the final month of Cole's reentitlement period—he engaged in substantially gainful activity. The end result was that Cole received benefits to which he was not entitled in April and May of 2007, and for every month between September 2007 and October 2010.

The SSA eventually realized the mistake. In a letter dated October 2, 2010, the administration reviewed the dates of Cole's trial work period and his reentitlement period, as well as the months in which Cole had engaged in substantially gainful activity. In the letter, the SSA explained that it was terminating Cole's benefits because he was able to perform substantial work. The letter also indicated that Cole had been overpaid by $50,186.00, and that he would need to refund this amount to the SSA (less about $1,300 that had already been withheld). Finally, the letter described the steps that Cole could take to challenge the SSA's decision. In pertinent part, the SSA wrote:

> Do You Think We Are Wrong About The Overpayment?
>
> You have certain rights with respect to this overpayment and its recovery.
>
> > l. Right to Appeal: If you disagree in any way with this overpayment determination, you have the right, within 60 days of the date you receive this notice, to request that the determination be reconsidered. If you request this independent review of the overpayment determination, please submit any additional information you have which pertains to the overpayment.
> >
> > 2. Right to Request Waiver: You also have the right to request a determination concerning the need to recover the

> overpayment. An overpayment must be refunded or withheld from benefits unless both of the following are true:
>
>> a. The overpayment was not your fault in any way, and
>>
>> b. You could not meet your necessary living expenses if we recovered the overpayment or recovery would be unfair for some other reason.
>
> If you request waiver, we may need a statement of your assets and monthly income and expenses.

Dkt. 13-1, at 2.

Cole pursued the second of these options, requesting a waiver because he was not at fault for the overpayment and because he could not pay the money back. The SSA denied Cole's request, and he asked for a hearing before an administrative law judge (ALJ). The ALJ found that Cole was at fault for the overpayment, and so waiver was not appropriate. In the alternative, the ALJ found that even if Cole was not at fault, it would not be unfair to require repayment. Cole appealed the ALJ's decision to the Appeals Council, which corrected a date in the ALJ's decision, but otherwise agreed that Cole was at fault for the overpayment. This decision became the "final decision" of the Commissioner.

## ANALYSIS

The Social Security Act provides the exclusive means for challenging the factual findings and determinations of the Commissioner. Pursuant to the act, this court may review only a "final decision" of the Commissioner. 42 U.S.C. § 405(g), (h); *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Although § 405(g) does not define a "final decision," the SSA's regulations explain that there are four stages of review within the administration: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) Appeals

4

Council review. 20 C.F.R. § 404.900(a). Only after a claimant completes these four steps has the SSA made its "final decision." *Id.* § 404.900(a)(5), (b).[1]

Here, the Commissioner's argument is straightforward. She contends that Cole did not pursue the "right to appeal" option presented in the SSA's letter, instead choosing to request a waiver. The regulations distinguish between these two options and provide that the Commissioner will make separate determinations for each. *See id.* § 404.902(j) ("Any overpayment or underpayment of your benefits."), (k) ("Whether an overpayment of benefits must be repaid."). Because Cole did not appeal the amount of his overpayment or even the determination that he had been overpaid, he never obtained a final decision from the Commissioner on those questions. He therefore cannot litigate these issues in federal court.

And yet, the Commissioner correctly observes that these are exactly the issues that Cole asks the court to resolve. For example, Cole's complaint alleges that he "is disabled and was not overpaid." Dkt. 1, ¶ 5. Cole's brief on the merits confirms that he is challenging whether he was overpaid and, if so, by how much. *See, e.g.*, Dkt. 10, at 10 ("In this case, the record lacks any specificity that Cole's trial work period expired at the alleged time. There is no indication of the monthly benefit Cole received or how the overpayment was calculated."); *id.* at 11 ("[W]e have no way to confirm that Cole would owe $48,834.00. . . . The record, as it is presently constituted, lacks any records sufficient to determine the validity and accuracy of the alleged overpayment.").

Cole does not offer a persuasive response to the Commissioner's motion to dismiss. He protests that "it would result in a gross inefficiency in the administrative process and the

---

[1] If the Appeals Council denies review, then the ALJ's decision becomes the "final decision" of the Commissioner. 20 C.F.R. § 422.210(a).

5

use of judicial economy" to require him to obtain a final decision on whether an overpayment occurred and by how much. Dkt. 14, at 2. This argument is a non-starter. Subject matter jurisdiction "does not entail an assessment of convenience. It poses a whether . . . question: Has the Legislature empowered the court to hear cases of a certain genre?" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). Cole cannot bypass the requirements of Article III or the basic principles of federal jurisdiction merely because it would be complicated or inefficient to comply with them.

Cole also contends that "nothing in [the Appeals Council's] finding indicates any dismissal because of subject matter jurisdiction." Dkt. 14, at 3.[2] To support this contention, Cole emphasizes a statement in the Appeals Council's decision recounting his argument that he was not overpaid. *Id.* He appears to suggest that the Appeals Council, by mentioning his argument and not dismissing it as untimely or waived, construed Cole's appeal to also challenge whether overpayment occurred. Cole relies on *Arobelidze v. Holder*, which involved judicial review of a removal order entered by the Board of Immigration Appeals. 653 F.3d 513, 515-16 (7th Cir. 2011). In that case, the government argued that the petitioner had failed to exhaust her administrative remedies before seeking review. *Id.* at 516-17. The Seventh Circuit rejected the argument, observing that there is an exception to the exhaustion requirement "for issues that are not raised by the parties but instead addressed by the administrative agency itself." *Id.* at 517.

---

[2] Cole's language is imprecise. The issue is not whether the Appeals Council had subject matter jurisdiction over Cole's case, but whether *this court* has subject matter jurisdiction over it. Even construing Cole's point to suggest that the court should exercise jurisdiction because the Appeals Council saw no reason not to, he would crash headlong into the well-established rule that federal district courts have an *independent* obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Assuming, without deciding, that *Arobelidze* applies to social security appeals, the exception is not appropriate here. Neither the ALJ nor the Appeals Council "addressed" the issues that Cole seeks to litigate in federal court. Cole requested a waiver of his overpayment on the grounds that "[t]he overpayment was not [his] fault and [he] cannot afford to pay the money back and/or it is unfair for some other reason." R. 30.[3] When Cole's request reached the hearing level, the ALJ identified the issue as "whether the claimant qualifies for waiver of the overpayment as defined under Section 204(b) of the Social Security Act." R. 15. To provide context for this issue, the ALJ devoted a short paragraph to summarizing Cole's overpayment. But the ALJ began the paragraph by explaining that "[b]y the act of filing his Request for Waiver, the undersigned *does not believe that the claimant disputes that an overpayment was caused and existed*." R. 17 (emphasis added). The Appeals Council's decision tracked the ALJ's approach; first mentioning that an overpayment existed, and then addressing whether Cole was at fault for the overpayment. R. 6. Cole cannot genuinely contend that these short statements amounted to a full-fledged consideration of whether an overpayment exists.

Cole has not obtained a final decision from the Commissioner on the issues that he raises in his motion for summary judgment and in his supporting brief. But this does not mean that Cole's complaint must be dismissed in its entirety. After all, Cole has obtained *a* final decision from the Commissioner, just not on the question of whether an overpayment exists and, if so, in what amount. The ALJ and the Appeals Council determined that there was no basis to waive Cole's overpayment; he was at fault for causing the overpayment and, alternatively, it would not be unfair to require Cole to repay the SSA. Cole is entitled to judicial review of these determinations. Thus, the court will strike Cole's opening brief, Dkt.

---

[3] Record citations are to the administrative record, Dkt. 8 (filed conventionally).

10, and afford him a short time in which to file a new brief addressing only the issues that are properly before this court. If Cole determines that there is not a good faith basis for challenging the Commissioner's decision, then he should promptly move to dismiss his complaint. Finally, because this case has been pending since November 2014, the court expects that both parties will meet their new briefing deadlines without seeking extensions.

## ORDER

1. Defendant Carolyn W. Colvin's motion to dismiss for lack of jurisdiction, Dkt. 11, is GRANTED in part. Plaintiff Brett Cole's motion for summary judgment, Dkt. 9, and his supporting brief, Dkt. 10, are STRICKEN.

2. Plaintiff may have until August 26, 2015, to file a new motion for summary judgment and a supporting brief that discusses only the issues on which plaintiff has obtained a final decision from the Commissioner. The Commissioner's brief in opposition will be due September 18, 2015. Plaintiff's reply will be due October 2, 2015.

3. If plaintiff fails to file a timely motion for summary judgment, then the court will dismiss this case, with prejudice, and without costs to either party.

Entered July 28, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8